```
Harry L. Bierley,            :     United States District Court
        Plaintiff            :    Western District of Pennsylvania
     V                       :
Michael Grolumond, et al.,   :         Civ Act No: 2005-49E
        Defendants           :       Judge Thomas M. Hardiman
```

Motion To Vacate Judgement<br>As Void or Voidable

And now comes the pro se plaintiff before the Honorable Court to present the above captioned motion. In support hereof he presents:

1. The order(s) of 6/27/05 and 6/30/05 are void for vagueness, as, the Court has NEVER issued an exegesis for the original dismissal per the telephonic hearing or the denial of rehearing. Without a clear and legal exegesis, the plaintiff will NOT be able to map out a concise appeal issue or facts.

2. The Honorable Court has erroneously failed to take judicial notice of both F.R.Ev. 201 and Pa.R.Ev. 201 and take judicial notice of the irrebuttable existence of Pa.R.Crim.P 114 and the fact that its contents have been law in Pennsylvania for at least twenty years. Wherefore, ALL FIVE defendants have violated well established law which NO ONE, not even a judge is allowed to do. Any act done by ANY official contrary to known law is indubitively an act done with a total lack of jurisdiction. Therefore, even a judge IS NOT IMMUNE.

   2 a. In <u>Chambers V NASCO,</u> 111 S.Ct. 2123 @ 2130-1 (1991), this Court has deviously devised a plan contrary to U.S.S.C. admonishment <u>not</u> " to devise a plan of obstruction, delay, harassment and expense sufficient to reduce NASCO (Bierley) to a condition of exhausted compliance (resignation)." Words in parentheses are mine done for emphasise on applicability hereto.

   2 b. At 2136 of <u>Chambers</u>, the U.S.S.C. plainly admonishes that a district court CANNOT circumvent law with its supervisory powers as this Court did in failing to take properly requested judicial notice of Pa.R.Crim.P. 114 that definitely requires proper court procedures for any judicial order, unlike the instant memorandum order. "Thus this case is distinguishable from <u>Bank of Nova Scotia</u> V U.S., 487 US 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988), in which this Court held that a district court could not rely on its supervisory power as a means of circumventing the clear mandate of a procedural rule." Id 487 US 254-255, 108 S.Ct. 2373-74.

   2 c. In <u>Nova Scotia,</u> 108 S.Ct. 2369 @ 2373 it states,"Nevertheless, it is well established that "even a sensible and efficient use of the supervisory power...is invalid if it conflicts with constitutional or statutory provisions." <u>Thomas V Arn,</u> 474 US 140, 148, 106 S.Ct. 466, 47--472, 88 L.Ed.2d 435 (1985). "To allow otherwise "would confer on the judiciary disdretionary power to disregard the considered limitations of the law it is charged with enforcing." <u>U.S. V Payner,</u> 447 US 727, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980).

     2 d. Per <u>Bell V Hood</u>, 66 S.Ct. 773 @ 775 the U.S.S.C. plainly admonishes, "Before deciding there is no jurisdiction, the district court must look to the way the complaint is drawn so as to claim a right to recover under the Constitution and Laws of the United States." Plaintiff Bierley has squarely claimed violations of Amendments 1 and 14 concerning viable court access and Amendments 4, 5, 6, 7, and 14 violations of Due Process of Law.  These violations deprived the plaintiff of knowing that the secret warrant (memo) existed prior to 02/02/05.

    3.  If it desires, this Court CAN grant the plaintiff relief from the wrongful and unjustifiable restriction of court access executed illegally by the five defendants.

     3 a. Per <u>DeWalt V Carter</u>, 224 F3d 607(7th Cir 2000)@ 612: "A complaint should be dismissed for failure to state a claim only if "no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" <u>Nance V Vieregge</u>, 147 F.3d 589, 590 (7th Cir.)(quoting <u>Hishon V King and Spalding</u>, 467 US 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), cert den'd 525 US 973, 119 S.Ct. 426, 142 L.Ed.2d 347 (1998).

     3 b. Per <u>Carson V Johnson</u>, 112 F3d 818 @ hn 5, "We have adopted a bright line rule for resolving such questions.  If 'a favorable determination ... would not automatically entitle (the prisoner) to accelerated release,' <u>Orellana V Kyle</u>, 65 F.3d 29, 31 (5th Cir.1995)(per curiam), cert denied, 116 S.Ct. 736, 133 L.Ed.2d 686, the proper vehicle is a #1983 suit."

     3 c. Per <u>Berg V County of Allegheny</u>, 219 F.3d 261 @ 268 (3rd Cir.2000), Bierley presses the instant 1983 claims per hn 1: "To make a prima facie case under # 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right.  See <u>Groman V Township of Manalapan</u>, 47 F.3d 628, 633 (3rd Cir.1995)."  Hereat, it is undisputed that the five defendants were acting under color of law when they issued and executed the secret warrant (memo) to violate plaintiff's rights to court access and due process of law.

     3 d. Plaintiff is NOT barred from filing this 1983, when, success of the endeavor does NOT implicate the length of the sentence to imprisonment/parole. Per <u>Jenkins V Haubert</u>, 179 F.3d 19 (2nd Cir.1999) @ hn 7 on 27: "As the foregoing discussion reveals, the Court has never announced that the Heck rule bars a prisoner's challenge under # 1983 to an administrative or disciplinary sanction that does not affect the overall length of his confinement.  ....
    ... Accordingly, we hold that a # 1983 suit by a prisoner, such as Jenkins, challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by Heck and Edwards. In so holding, we join the Court of Appeals for the District of Colombia.  See <u>Brown</u>, 131 F.3d @ 167-68; see also <u>Anyanwutaku V Moore</u>, 151 F.3d 1053, 1056 (D.C.Cir.1998).  The only other circuit court to have considered the question in a published opinion, the Seventh Circuit, initially came to a different conclusion, see <u>Stone-Bey</u>, 120 F.3d @ 721, but, in three recent opinions, that Court has recognized that, in light of Spencer, its earlier decision will have to be reconsidered.  See <u>Hoard V Reddy</u>, 175 F.3d 531, 532-33 (7th Cir.1999) (Posner, C.J.); <u>Carr</u>, 167 F.3d @ 1127 (Posner, C.J.); <u>Sylvester</u>. 140 F.3d @ 714 (Easterbrook, J.)."

4. The Honorable Court has done grave error in failing to recognize that a favorable outcome of this proceeding for the plaintiff would NOT affect the validity or duration of the concomitant criminal matter at CP 1133 of 03. Plaintiff further avers, that, the Court would be guilty of bias, bigotry, and gross unfairness if it fails to consider the following caselaws and excerpts and if it fails to relieve plaintiff of an unnecessary appeal burden.

Sims V Artuz, 230 F.3d 14, 24 (2nd Cir.2000)(cognizable 1983 claim when alleging denial of peocedural due process in disciplinary proceeding because complaint did not challenge length of confinement.)

Leamer V Fauver, 288 F.3d 532, 544 (3rd Cir.2002)(cognizable 1983 claim because inmate challenged placement in prison's restricted activities program, does not effect such placement may have on release date.")

Carson V Johnson, 112 F.3d 818, 820 (5th Cir.1997)(If a favorable determination would not automatically entitle (the prisoner) to accelerated release, ante 821-822.)

DeWalt V Carter, 224 F.3d 607, 612, supra.

Woratzeck V Arizona Bd of Executive Clemency, 117 F.3d 400, 403 (9th Cir. 1997)(cognizable 1983 claim when challenging clemency hearing because relief was new clemency hearing, which would not necessarily lead to reduction in sentence.)

Jenkins V Haubert, 179 F.3d 19, 27 (2nd Cir.1999)(cognizable 1983 claim when challenging disciplinary segregation that does not affect overall length of confinement); Nelson V Jashurek, 109 F.3d 142, 145 (3rd Cir. 1997)(cognizable 1983 claim for excessive force during arrest because plaintiff's conviction not in doubt when challenging manner of his arrest.)

Robinson V Doe, 272 F.3d 921, 923 (7th Cir.2001)(cognitive 1983 claim of excessive force in making arrest allowed because successful claim did not require overturning conviction, even though conviction was based on determination that arrest was lawful.)

Moore V Sims, 200 F.3d 1170, 1171 (8th Cir.2000)(per curiam)(cognizable 1983 claims alleging unreasonable search because success on 1983 claims would not necessarily call into question validity of convictions); Ove V Gwinn, 264 F.3d 817, 823 (9th Cir.2001)(cognizable 1983 claim when challenging blood test administered prior to DUI conviction because validity of conviction did not depend upon legality of blood draws.)

Brown V Plaut, 131 F.3d 163, 167-168 (D.C. Cir. 1997)(cognizable 1983 claim because suit challenging placement in administrative segregation is not type which is appropriate for Heck).

All of the above and aforementioned caselaws are directly applicable to a parolee who has been sanctioned illegally from unfettered access to the Erie County Courthouse and Law Library as was done to the plaintiff. There is NO need to overturn the "conviction" at CP 1133 of 03, and, there is/was a clear violation of statutory law PaRCrimP 114 which NO OFFICIAL, not even a "judge" is vested with jurisdiction to do. Therefore, NONE of the defendants are eligible for absolute or qualified immunity.

   5. In conclusion, Bierley asserts that the order(s) of 6/27/05 and 6/30/05 are void or, in the least, voidable for lack of any exigesis given at any time since inception of this case, and, it is voidable for failure to properly consider the facts, laws, and caselaws proffered by the plaintiff.

   Wherefore, the plaintiff does move the Honorable Court to vacate the orders granting dismissal and denying reconsideration of the extremely erroneous granting of dismissals to the defendants.   It Is So Prayed.

```
c.o.  L. Kowalski                         Respectfully submitted,
3123 German Street
Erie, PA  16504
Ph: 814 454 2550                          Harry L. Bierley, pro se/in pro per
```

Certificate of Service

   On this Date, Monday, August 1, 2005, a copy of the fore going pleading, notice of appeal, and application for in forma pauperis status were served by first class U. S. Mail upon:

   Esq. Patrick Carey, 1001 State St., Suite 1400, Erie, PA 16501

   Esq. Mary E. Butler, Administrative Offices of PA Courts,
   1515 Market Street, Suite 1414, Philadelphia, PA  19102