DPS-103                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3696
_____

HARRY BIERLEY,
Appellant

v.

DEP. SHERIFF MICHAEL GROLUMOND;
ERIK CHRISTENSEN; STEPHEN BRANDON;
SHERIFF ROBERT MERSKI; JUDGE ERNEST DISANTIS

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00049)
District Judge: Thomas M. Hardiman
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
January 20, 2006

Before: ROTH, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: February 14, 2006 )
_____

OPINION
_____

PER CURIAM

     Appellant Harry Bierley appeals the District Court's orders of May 31, 2005, and July 1, 2005. For the reasons that follow, we will dismiss the appeal as frivolous. <u>See</u> 28 U.S.C. § 1915(e)(2)(B); <u>see also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 315 (1989).

The parties are familiar with the facts, so we will only briefly revisit them here.  In November 2004, Bierley was sentenced by Judge DiSantis in the Court of Common Pleas of Erie County to a term of two to eleven months' imprisonment.  As a condition of Bierley's parole, Judge DiSantis restricted his access to the Erie County Courthouse.  Specifically, Bierley was required to give prior notice to his parole officer if he wished to conduct official business on his own behalf or testify as a witness during his parole period.  However, if Bierley wanted access to the Courthouse for any other reason, Judge DiSantis' prior approval was necessary.  On February 4, 2005, Bierley entered the Courthouse to "conduct[] business on a civil matter."  However, because Bierley had neither given prior notice to his parole officer nor received permission from Judge DiSantis to enter the Courthouse, Bierley was ordered to leave the premises.

The same day, Bierley initiated the underlying civil rights action in the United States District Court for the Western District of Pennsylvania.  In his complaint and subsequent amended complaint, Bierley alleged violations of his rights to due process, equal protection, and access to the courts resulting from the 2004 state criminal proceedings and his removal from the Courthouse on February 4, 2005.  Bierley sought compensatory damages, and declaratory and injunctive relief.  The defendants responded to Bierley's complaint by arguing, <u>inter alia</u>, that his claims were without merit and that they were entitled to either qualified or absolute immunity.  On May 26, 2005, the District Court held a 40-minute telephonic hearing with Bierley and counsel for the defendants.[1]

---

[1] Apparently there is neither a recording nor a transcript of the May 26 hearing.

Thereafter, by order entered May 31, 2005, the District Court dismissed Bierley's action with no discussion or citation to legal authority. As the only explanation for its ruling, the District Court referred to "the reasons stated on the record." Bierley then filed a timely motion for reconsideration, which the District Court denied by order entered July 1, 2005. This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Because Bierley has been granted leave to proceed in forma pauperis on appeal, this Court must dismiss his appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B). A frivolous appeal has no arguable basis in law or fact. Neitzke, 490 U.S. at 325. After a careful review of the record, we will dismiss this appeal because Bierley's claims lack an arguable basis in law or fact.

We turn first to Bierley's claims regarding his 2004 state court conviction. Insofar as Bierley is attempting to challenge the fact or duration of his conviction or sentence, a petition pursuant to 28 U.S.C. § 2254 is the exclusive method for seeking relief.[2] See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Likewise, to the extent that Bierley's claims "would necessarily imply the invalidity of his conviction or sentence," they are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Gilles v. Davis, 427 F.3d 197, 208-210 (3d Cir. 2005).

Moreover, to the extent that any of the remaining claims can arguably survive the

---

[2] We note that on December 14, 2004, Bierley filed in the District Court for the Western District of Pennsylvania a § 2254 petition challenging his November 2004 state court conviction. See W.D. Pa. Civ. No. 04-00363. Bierley's petition has been served upon the respondents and is presently pending in the District Court.

Heck bar, we find them to be meritless. Bierley's claims against Judge DiSantis are, of course, barred by the doctrine of judicial immunity. It is a well-established principle that judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 when they act in a judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Because the acts Bierley complains of – sentencing, denial of pre-trial motions, and the conditions of parole – were all performed by Judge DiSantis in his official capacity, Judge DiSantis is entitled to judicial immunity. See, Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768-69 (3d Cir. 2000).

We next address Bierley's claims regarding his February 4, 2005, removal from the Courthouse. To bring a successful equal protection claim under § 1983, a plaintiff must prove the existence of purposeful discrimination, and demonstrate that he was treated differently from individuals similarly situated. See Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1992). Bierley simply failed to allege any facts in the District Court which can be construed as establishing a viable equal protection claim. Bierley's due process allegations regarding the events of February 4, 2005, are likewise without merit. On November 29, 2004, Judge DiSantis drafted a memorandum to defendant Sheriff Merski, explaining that Bierley's access to the Courthouse was restricted during the period of his parole. Bierley alleges that the defendants violated his

due process rights by failing to serve him with a copy of Judge DiSantis' memorandum as required by Pennsylvania Rule of Criminal Procedure 114, and by removing him from the Courthouse without giving him prior notice of the conditions of his parole.  Even assuming arguendo that Bierley was entitled to a copy of Judge DiSantis' memorandum under Pennsylvania law, it is well-established that "state law does not ordinarily define the parameters of due process for Fourteenth Amendment purposes; rather, the minimum, constitutionally mandated requirements of due process in a given context and case are supplied and defined by federal law, not by state law or regulations."  Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 150 n. 4 (quotation and citation omitted).  Bierley does not assert that he was not present at his November 4, 2004, sentencing hearing where Judge DiSantis explained the conditions of his parole, and he simply fails to allege that he was deprived of any process due him under federal law.  Under these circumstances, we can deduce no due process violation.

Finally, a violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access.  The actual injury requirement is a constitutional prerequisite to suit.  Lewis v. Casey, 518 U.S. 343, 351 (1996); Christopher v. Harbury, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").  An actual injury is shown only where a non-frivolous, arguable claim is lost.  Christopher, 536 U.S. at 415.  Bierley has not alleged, must less established, that he suffered the loss

of a non-frivolous legal claim when he was ordered to leave the Courthouse. Furthermore, Bierley's parole restrictions did not preclude him from filing lawsuits, or even entering the Courthouse; instead, he needed merely to contact his parole officer or Judge DiSantis before doing so. Thus, we have little difficulty concluding that Bierley's access to the courts claim lacks merit.

One final matter remains. This Court has on numerous occasions encouraged the District Courts to explain the bases for their judgments. See, e.g., Vadino v. Valey Eng'rs, 903 F.2d 253 (3d Cir. 1990); O'Donnell v. United States, 891 F.2d 1079 (3d Cir. 1989); De Tore v. Local # 245 of the Jersey City Pub. Employees Union, 615 F.2d 980, 985 (3d Cir. 1980). While it is, therefore, preferable for a District Court to explain its decisions in order to facilitate meaningful appellate review, see, e.g., Forbes v. Township of Lower Merion, 313 F.3d 144 (3d Cir. 2002), Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993), a remand to the District Court to explain its rationale for dismissing Bierley's complaint is unnecessary in the instant case as we are able to conclude on the record before us that Bierley's claims are frivolous.

Having found no merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).